```
             IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
TAVON ROBINSON, pro se,          *
                                *
     Petitioner,                *
                                *     CRIMINAL NO.: WDQ-06-0074
          v.                    *       CIVIL NO.: WDQ-09-2305
                                *
UNITED STATES OF AMERICA,        *
                                *
     Respondent.                *
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

On August 25, 2006, Tavon Robinson pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. On November 9, 2006, he was sentenced to 324 months' imprisonment. Pending is Robinson's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court has determined that no hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Robinson's motion will be denied.

I.   Background

The following facts were agreed to by Robinson and included in the plea agreement, which he signed. Plea Agreement, Aug.

1

21, 2006.  From December 1998 to March 2006, Robinson sold cocaine in Baltimore, Maryland and conspired with others who sold cocaine, crack cocaine and heroin in various parts of Maryland.  *Id*. at 5.  Robinson was an organizer and leader in the conspiracy, which involved at least five participants.  *Id*.  The conspiracy involved distribution of at least 15--but less than 50--kilograms of cocaine.  *Id*.

Robinson pled guilty on August 25, 2006.  At the November 9, 2006 sentencing, Robinson attempted to withdraw his plea because (1) he did not understand the plea agreement, (2) the conspiracy did not involve the quantity of drugs stated in the agreement, and (3) he did not play a leadership role in the conspiracy.  *See* Sentencing Hr'g Tr. 3:4-17:1, Nov. 9, 2006.  These assertions were contradicted by the signed plea agreement, in which Robinson acknowledged that he had "read th[e] agreement and carefully reviewed every part of it with [his] attorney," and that he "underst[oo]d" it.  *Id*.  The Court confirmed Robinson's understanding of the agreement at the August 25, 2006 rearraignment and again at sentencing.  *See* Rearraignment Hr'g Tr. 6:21-22, 13:1-6; Sentencing Hr'g Tr. 5:23-25.  The Court denied Robinson's motion to withdraw his plea and sentenced him to 324 months' imprisonment.  *See id*. at 16:22-17:1.

Robinson appealed his sentence on the grounds that the Court erred in (1) its calculation of the quantity of drugs attributable to him and (2) its determination that he played a leadership role in the offense. *See United States v. Robinson*, 281 Fed. Appx. 193 (4th Cir. 2008). Based on Robinson's admission under oath that the conspiracy involved the quantities of drugs found by the Court and that he had played a leadership role in the conspiracy, the Fourth Circuit affirmed the judgment. *Id*. at 194-95.[1]

On August 28, 2009, Robinson moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Paper No. 376.

II. Analysis

   A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Robinson must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id*. at 687. To show deficient

---

[1] Robinson also argued that trial counsel was ineffective. Such claims are not cognizable on appeal unless the record conclusively establishes ineffective assistance. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Because its review of the record did not show that trial counsel was ineffective, the Fourth Circuit declined to consider that argument. *Robinson*, 281 Fed. Appx. at 195.

performance, Robinson must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id*. at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Robinson alleges ineffective assistance of trial counsel, Gerald C. Ruter, Esq., and appellate counsel, James Q. Butler, Esq.

### 1. Trial Counsel

Because Robinson pled guilty, the focus is whether trial counsel's "performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Robinson must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. Robinson argues that trial counsel's performance fell below an objective standard of reasonableness because counsel: (1) incorrectly advised Robinson of the probable application of the sentencing guidelines; (2) failed to move for a three-level reduction at sentencing based on acceptance of responsibility; (3) did not raise the lesser sentences of Robinson's co-conspirators as justifying a downward departure under 18 U.S.C. § 3553(a); (4) did not move for the Court to recuse itself; and (5) allowed the Court to apply a

4

leadership enhancement of four levels under § 3B.1.1(a) of the Guidelines.

       a. Failure to Provide Accurate Advice about Application of the Guidelines

Robinson contends that trial counsel erred in his calculation of the possible sentence Robinson faced if convicted by a jury compared to the sentence he would likely receive upon pleading guilty.  He argues that if counsel had made accurate calculations of the applicable guideline ranges, he would not have pled guilty.  Robinson's argument is based on a letter he received from counsel that outlined the possible sentences for Robinson if he (1) were convicted at trial, (2) pled guilty without cooperating, or (3) pled guilty and agreed to cooperate.

Robinson argues that counsel erroneously informed him that "[o]rdinarily, a drug conspiracy conviction involving between 15 and 50 kilograms of cocaine would result in a 'base offense level" of 32 . . . . However, because of your career offender status, the guidelines provide that your offense level must start at 37[.]"  Pet.'s Mot. to Vacate, Ex. 1 (Letter from Gerald C. Ruter, Esq. to Tavon Robinson, Aug. 15, 2006). Robinson argues that counsel was incorrect about the "[o]rdinary" base offense level for a cocaine conspiracy involving 15 to 50 kilograms; he argues that it is 34, not 32. He also contends that counsel miscalculated the effect of his

5

career offender status under the guidelines, resulting in a higher estimate of the offense level than appeared in the presentence report.  Finally, Robinson maintains that counsel wrongly advised him that he would be deemed an "organizer or leader" of the charged criminal activity, and thus that the offense level would be increased by four levels under U.S.S.G. § 3B1.1(a).

Robinson argues that if he had been presented with an accurate assessment of possible sentences, he would not have pled guilty.  Notwithstanding any alleged inaccuracies in counsel's letter, the plea agreement accurately informed Robinson about the sentences he could have received after trial and after a guilty plea.  The plea agreement informed Robinson of the maximum life sentence and the mandatory minimum sentence of 10 years.  The plea agreement also contained an accurate calculation of the applicable guidelines range that would apply upon a plea of guilty:

> The parties agree[d] that [Robinson] ha[d] a base offense level of 34 pursuant to U.S.S.G. § 2D.1.1 because at least 15 . . . but less than 50 kilograms of cocaine was reasonably foreseeable to the Defendant.  The parties agree that the offense level is increased by 4 levels pursuant to U.S.S.G. § 3B.1.1(a) because the defendant was a[n] organizer or leader of this criminal activity that involved five or more participants and was otherwise extensive.  The resulting offense level is 38.

Plea Agreement 5. This determination matched that of the presentence report and the Court. *See* Presentence Report 7; Sentencing Hr'g Tr. 19:25-20:2.

The plea agreement further stated that the Government would not oppose a two-level reduction under § 3E.1.1(a) for Robinson's acceptance of responsibility, making the final offense level 36. Plea Agreement 5; Sentencing Hr'g Tr. 30:1-6. The plea agreement also advised that the Government could oppose any adjustment for acceptance of responsibility if, *inter alia*, Robinson attempted to withdraw his plea. Plea Agreement 5-6. Because Robinson attempted to withdraw his plea at sentencing, the Government did not move for an additional one-level reduction under § 3E.1.1(b).

By signing the plea agreement and testifying under oath--at the rearraignment and the sentencing--that he understood its contents, Robinson indicated that he understood the possible sentences he would receive by going to trial and by pleading guilty. Moreover, at the rearraignment, he testified that no one had made any promises or predictions to him about sentencing that were not in the plea agreement. Rearraignment Hr'g Tr. 13:15-18. Any errors in trial counsel's calculations did not influence Robinson's decision to plead guilty; thus, Robinson cannot show "prejudice" under the *Strickland* standard.

7

      b. Failure to Move For an Additional Decrease for Acceptance of Responsibility

Robinson argues that trial counsel's performance was deficient because he failed to move for an additional one-level decrease for acceptance of responsibility under § 3E1.1(b). As noted above, although the Government indicated its intent to move for an additional one-level decrease for acceptance of responsibility, it did not because Robinson attempted to withdraw his guilty plea. Robinson argues that his counsel should have moved for the decrease.

Under § 3E1.1(b):

> If the defendant qualifies for a decrease under subsection (a), the offense level prior to the operation of subsection (a) is level 16 or greater, and *upon motion of the government* stating that the defendant has assisted authorities in the investigation of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty . . . decrease the offense level by 1 additional level.

(emphasis added). A decrease under this section requires the government's motion; defense counsel's failure to make the motion was reasonable.

      c. Failure to Raise the Lesser Sentences of Robinson's Co-Defendants

Robinson contends that trial counsel should have argued for a downward departure under 18 U.S.C. § 3553(a)(6), which requires the Court to consider "the need to avoid unwarranted

8

sentence disparities among defendants with similar records who have been found guilty of similar conduct." Counsel was not objectively unreasonable in not arguing for a downward departure on this basis. Such an argument would have been unpersuasive because Robinson was (1) by his own admission a leader of the conspiracy and (2) a career offender. As the Government notes, these facts distinguish Robinson from the other members of the conspiracy and resulted in his greater sentence. Robinson's trial counsel was not ineffective because he did not raise sentencing disparities.

> d. Failure to Move for Recusal

Robinson next argues that trial counsel should have moved the Court to recuse itself because while serving on the Circuit Court for Baltimore City, the undersigned had sentenced Robinson for a state drug offense. Robinson cites authority that recusal is proper when a federal judge must review his or her state court rulings. *See, e.g.*, *Rice v. McKenzie*, 581 F.2d 1114 (4th Cir. 1978). These proceedings did not require the Court to review any state court rulings; thus, recusal was not required, and trial counsel's failure to seek recusal was reasonable.

> e.  Failure to Object to the Four-Level Increase for
>     Leadership Role in the Offense

Robinson argues that the Court misapplied the four-level leadership enhancement under §3B1.1(a) of the Guidelines, and

9

that counsel's failure to object was unreasonable.  Section 3B1.1 states that "if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, [the offense level is] increase[d] by 4 levels."  Robinson admitted in the plea agreement that he played a leadership role in a conspiracy that involved five or more participants.[2]  Plea Agreement 5. Given this admission, it was reasonable for trial counsel not to challenge the four-level increase under §3B1.1(a).

### 2. Appellate Counsel

Robinson contends that appellate counsel's performance was deficient because he "failed to file a merit brief."  Mot. to Vacate 9-10.  Given that counsel did file a merits brief in support of Robinson's appeal,[3] it appears that Robinson's contention is that counsel's brief failed to raise meritorious arguments.  The two-pronged *Strickland* standard applies to claims that appellate counsel was ineffective for failing to pursue an argument on direct appeal.  See *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000).  A reviewing court must accord

---

[2] Based on Robinson's admission, the Fourth Circuit rejected his argument that the Court misapplied §3B1.1 at sentencing.  See *United States v. Robinson*, 281 Fed. Appx. 193 (4th Cir. 2008).

[3] See *Appellant's Opening Br., United States v. Robinson*, 2008 WL 1844120 (4th Cir. June 12, 2008).

appellate counsel, "the presumption that he decided which issues were most likely to afford relief on appeal." *Id*.

Robinson argues that appellate counsel's failure to "assert a *Booker* violation" was unreasonable. The argument appears to be that counsel should have argued that the Court's refusal to depart downward was error. A reviewing court must accord appellate counsel, "the presumption that he decided which issues were most likely to afford relief on appeal." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000). Appellate counsel presented a thorough, well-argued brief that raised several of the arguments that Robinson has raised in this motion; that it did not raise certain other arguments does not render counsel's performance deficient.

Robinson has not shown ineffective assistance of trial or appellate counsel. Accordingly, his motion to vacate, set aside, or correct his sentence will be denied.

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable

11

jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Robinson has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Robinson's motion will be denied.

February 18, 2010               _____/s/_____
Date                            William D. Quarles, Jr.
                                United States District Judge